UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20980-CR-ALTONAGA(S)

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

v.

**CLIFFORD LAINES,**
        **Defendant.**
_____/

## MOTION TO EXCLUDE THE GOVERNMENT'S 404(b) EVIDENCE

The Defendant, Clifford Laines, through undersigned counsel, respectfully moves this Court to exclude the 404(b) evidence proposed by the government in its Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b), filed on February 19, 2020. (DE 37). Specifically, the government seeks to introduce Mr. Laines' certified prior convictions for (1) possession of with intent to sell a controlled substance and possession with intent to sell, purchase, manufacture, or delivery cannabis from 1991; (2) carrying a concealed firearm from 1990; and (3) second degree murder and aggravated battery with a firearm from 1993.[1] These prior convictions, from nearly three decades ago, are irrelevant improper propensity evidence that is substantially more prejudicial than probative and must be excluded pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b).

---

[1] The years of convictions in this Motion are based on the certified convictions provided in discovery, not on the dates cited in the government's Notice. The defense believes the dates cited by the government are the dates of arrest.

1

## Rule 404(b) Framework

Federal Rule of Evidence 404(b) states in pertinent part:

(1) Prohibited Uses: Evidence of a crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses: This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Eleventh Circuit "use[s] a three-part test to [decide if] other bad acts are admissible under Rule 404(b): (1) 'the evidence must be relevant to an issue other than the defendant's character;' (2) 'the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act;' and (3) 'the probative value of the evidence must not be substantially outweighed by its undue prejudice.'" *United States v. Holt*, 777 F.3d 1234, 1266 (11th Cir. 2015) (citing *United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010)). Rule 404(b) evidence must bear a "reasonable relationship" to the issues at trial. *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

When considering the 403 analysis, the Court must consider the totality of the circumstances, including by not limited to prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness. *United States v. Perez*, 443 F.3d 772, 780 (11th Cir. 2006).

**Rule 404(b) Analysis**

I. <u>Evidence from the Prior Convictions Serves No Legitimate Purpose and Is No More Than Improper Propensity Evidence</u>

Rule 404(b) may allow evidence of another crime if it serves to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The government claims that the use of the prior convictions is to prove knowledge, intent, absence of mistake, and lack of accident. However, because none of those purported reasons are at issue in this case, Mr. Laines' prior convictions would serve as nothing more than propensity evidence.

Knowledge, intent, absence of mistake, and lack of accident are not issues in this case because all three counts in the superseding indictment are based on actual possession. While the government correctly notes that the Eleventh Circuit has held that knowledge is made an issue by a not guilty plea, this Court can determine that based on the government's theory of prosecution, and on the theory of defense, that intent, knowledge, absence of mistake, and lack of absence are not actually at issue here.  Because the government is proceeding on actual possession, and because Mr. Laines' defense is not based on his not knowing or not intending to possess the firearm, none of the reasons cited by the government are actually issues in this case.

The government provided a summary of the events of the three dates in the superseding indictment in its Notice. (DE 37:2-4). The government can prove possession of a firearm for the purposes of § 922(g)(1) in two ways: (1) by showing that a defendant knowingly had direct physical control over it (actual possession); or (2) by showing that a defendant has both the power and intention to take control over

3

it later (constructive possession). *See* Standard Jury Instruction S.6; *see also United States v. Caldwell*, 760 F.3d 267, 278 (3d Cir. 2014), *citing United States v. Jones*, 484 F.3d 783, 788 (5th Cir. 2007).

As summarized in the Notice, the government will seek to prove the charges by showing that Mr. Laines was in actual possession on each of the three dates. For Count 1, Officer Marte will testify that he recovered the firearm from Mr. Laines' waistband. For Count 2, the Complaining Witness will testify that Mr. Laines brandished and discharged the firearm. For Count 3, Officer Blanco will testify that he recovered the gun from Mr. Laines' book-bag. In each of the courts, the government's theory of prosecution is that Mr. Laines was in actual possession of the firearms.

Because the government is proceeding solely on a theory of actual possession, knowledge and intent are not at issue in this case. *Caldwell*, 760 F.3d at 279 (holding that because the government proceeded solely on the theory of actual possession, the defendant's knowledge was not at issue); *see also United States v. Lee,* 612 F.3d 170 (3d Cir. 2010) (finding that knowledge is not at issue in an actual possession case where the defense was that the defendant did not possess the firearm, and not that he possessed it by accident or mistake). Although § 922(g)(1) criminalizes the "knowing" possession of a firearm by a convicted felon, a defendant's knowledge is almost never a material issue when the government relies exclusively on a theory of actual possession. *Id.; see also United States v. Linares*, 367 F.3d 941, 946-47 (D.C.Cir. 2004) (stating that no reasonable jury in an actual possession case would

4

acquit a defendant "based on the belief that the government proved possession but failed to prove knowledge").

In *United States v. Jones*, 484 F.3d 783, the Fifth Circuit also concluded that knowledge was not a proper 404(b) purpose when the government's case is premised on actual possession. In *Jones*, an officer witnessed Jones remove a gun from his waistband and place it under a house. Jones claimed he never possessed the weapon. In reversing the conviction, the Fifth Circuit explained that unlike constructive possession cases where "knowledge and intent are frequently at issue," actual possession cases require the government to show only that the defendant was aware that he physically possessed the gun. *Id*. at 788. The Court held that knowledge was not a proper basis for admitting the 404(b) evidence when the government is proceeding on actual possession. *Id*.

The line between intent/knowledge and propensity is a fine and blurry one, and Mr. Laines contends that, under the circumstances, introducing his prior convictions fall on the propensity side of the line.

Rule 404(b) clearly demonstrates concern regarding other bad acts evidence being used to prove anything via propensity—a concern that appears in court opinions as early as 1886. *See, e.g., State v. Saunders*, 14 Or. 300, 309, 12 P. 441, 445 (1886), overruled in part by *State v. Marsh*, 260 Or. 416, 490 P.2d 491 (1971) ("Place a person on trial upon a criminal charge, and allow the prosecution to show by him that he has before been implicated in similar affairs, no matter what explanation of them he attempts to make, it will be more damaging evidence against him, and

conduce more to his conviction, than direct testimony of his guilt in the particular case.").

Courts must be particularly careful when considering evidence purportedly offered to show intent, since it is "the exception most likely to blend with improper propensity evidence." *United States v. Miller*, 673 F.3d 688, 698 (7th Cir. 2012); see also *United States v. Matthews*, 431 F.3d 1296, 1313 (11th Cir. 2005) (Tjoflat, J., concurring) (noting that the case law addressing the admissibility of extrinsic evidence to prove intent in drug conspiracy cases "has evolved into [a doctrine] that undermines Rule 404(b) itself and represents a perversion of the origins of the circuit's doctrine in this context."). "To differentiate between the illegitimate use of a prior conviction to show propensity and the proper use of a prior conviction to prove intent, the government must affirmatively show *why* a particular prior conviction tends to show the more forward-looking fact of purpose, design, or volition to commit the new crime." *Miller*, 673 F.3d at 699. (citation and internal quotation marks omitted)). If the answer is "[she] intended to do it before, ladies and gentlemen, so [s]he must have intended to do it again," then that evidence is inadmissible because that is "precisely the forbidden propensity inference." *Id.*; *see also United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998) (holding that evidence of the defendant's prior drug dealings with the cooperating witness/co-conspirator was inadmissible in the instant drug conspiracy prosecution because it was "not necessary to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

6

accident" and "had no value except to prove a criminal disposition in violation of the Federal Rule of Evidence 404(b)").

Here, knowledge and intent are not at issue. Therefore, the introduction of the prior convictions to show either knowledge or intent serves as nothing more than propensity evidence and they should be excluded.

II. <u>The Evidence of the Prior Conviction is Sufficient</u>

Mr. Laines concedes that a certified copy of his prior convictions is sufficient for the factfinder to find that he committed the prior bad act under current precedent. *United States v. Green*, 842 F.3d 1299, 1317 (11th Cir. 2016).

III. <u>Any Probative Value of the Evidence is Substantially Outweighed by Its Undue Prejudice</u>

Even if the Court finds that there is a non-propensity reason for the admission of the prior convictions, the minimal probative value of that evidence is substantially outweighed by the risk of unfair and undue prejudice, and should be excluded pursuant to Fed. R. Evid. 403.

a. <u>There is no prosecutorial need for the evidence.</u>

The government, as to each of the counts, has a very strong case against Mr. Laines. "If the government has a strong case without the extrinsic offense, then the prejudice to the defendant will more likely outweigh the marginal probative value." *United States v. Jones*, 28 F.3d 1574, 1581 (11th Cir. 1994), *modified by United States v. Jones*, 74 F.3d 275 (11th Cir. 1996). Here, the government will present evidence from witness on each of the three counts that will say that they witnessed Mr. Laines actually possess the firearm. The government will introduce body worn camera

footage that will corroborate much of what the law enforcement witnesses will offer. The government will introduce the firearms that were recovered on October 7, 2018 (count 1) and November 4, 2019 (count 3). It will also introduce the spent casing found on October 26, 2018 (count 2). The government will elicit testimony from Mr. Mancini, who will opine that the casing found on the scene on October 26, 2018, came from the firearm recovered from Mr. Laines on November 4, 2019. The case against Mr. Laines is extremely strong. They have absolutely no need to offer Mr. Laines' prior convictions.

The government cites its burden under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requiring that it prove that Mr. Laines knew he was a convicted felon at the time of the offense. Mr. Laines has agreed to stipulate that he knew he was a convicted felon at the time of the offenses. The government's attempt to introduce these prior convictions to prove knowledge is an attempt to circumvent the limitations of *Old Chief v. United States*, 519 U.S. 172 (1997).

The prejudice to Mr. Laines substantially outweighs any probative value, because the government does not need the 404(b) evidence to prove its case.

    b. <u>The extrinsic act and the charged offense are not similar enough.</u>

In this felon in possession case, the government seeks to introduce a prior conviction for *murder*. Extrinsic evidence is more prejudicial when it is of such a heinous nature that it is more "likely to sway a jury irrevocably to a decision of guilt." *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir. 1987). It is impossible to fathom how a jury would be able to follow a limiting instruction about 404(b) evidence

after they hear about a prior conviction for murder. The heinous nature of the conviction alone will result in the jury being swayed to convict, even if they might not otherwise do so.

    The other prior convictions that the government seeks to introduce are also too dissimilar to be probative. The government seeks to introduce a prior conviction for carrying a concealed firearm. The firearm in that case was found underneath the seat of a car that Mr. Laines was in. That was not an actual possession case. In that case, knowledge and intent might have been issues. Knowledge and intent are not issues in this case, and therefore, the prior case involving the constructive possession of a firearm is too dissimilar to be probative.

    The government also seeks to introduce prior convictions for possession with intent to sell controlled substances. To begin, at the time of the government's Notice, and at the time of this Motion, there is no charge involving narcotics.[2] Even if the government is able to supersede the current superseding indictment to add charges involving narcotics, the facts in this case are too dissimilar from the facts of the prior case to be probative.

    In this case, when Mr. Laines was searched pursuant to his arrest on October 7, 2018, he had eight "Molly" pills on his person. When he was searched pursuant to his arrest on November 4, 2019, he had small quantities of other narcotics on his person.[3] The arrests on both days had nothing to do with narcotics; instead, the

---

[2] Mr. Laines has filed a Motion *In Limine* to exclude all evidence of narcotics, as he is not charged with anything related to narcotics.
[3] The laboratory results of some of these substances are still pending at this time.

9

narcotics were found by happenstance when Mr. Laines was searched. Officers in the current case did not observe Mr. Laines make any hand-to-hand transactions; they did not observe any purchasers approach or engage with Mr. Laines; in fact, they did not observe any indicia of sale. They merely found narcotics on Mr. Laines after the fact.

The 1991 conviction involving controlled substances that the government seeks to introduce is not only wholly dissimilar, but the facts are of a more egregious nature than the facts in the case at hand. In the 1991 case, law enforcement was conducting surveillance on Mr. Laines. They observed him stop vehicles and conduct multiple drug transactions. Before being apprehended by the police, Mr. Laines threw narcotics off of his person. These convictions, which include law enforcement observing actual sales, would not help to inform a jury about Mr. Laines' intent in this case. Because the "intent" element was shown in the prior convictions by the actual selling of narcotics, which is absent in this case, there is no probative value to the evidence.

   c. <u>The extrinsic act is too far remote to be relevant.</u>

The temporal remoteness of the prior convictions is too great to outweigh any minimal probative value. "Temporal remoteness depreciates the probity of the extrinsic evidence." *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978). "Thus, a conviction may be 'too remote of proper consideration.'" *United States v. Perrier*, 619 Fed.Appx. 792 (11th Cir. 2015), citing *United States v. Calderon*, 127 F.3d 1314 (11th Cir. 1997); see e.g. *United States v. Carter*, 516 F.2d 431, 434-35 (5th Cir. 1975) (ten

10

year-gap rendered extrinsic offense evidence too remote to be probative); *United States v. San Martin*, 505 F.2d 918, 922-23 (5th Cir. 1974) (nine and ten-year old convictions too remote to be probative). Of course, there is no bright-line rule, and whether a conviction is too old to be admissible is a fact-specific determination. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). However, it is notable that the government concedes an Eleventh Circuit 15-year remoteness limitation. It is also notable that the oldest conviction the government can cite as being upheld as proper 404(b) evidence by the Eleventh Circuit was a seventeen year old conviction. A seventeen year old conviction is still thirteen years newer than Mr. Laines' prior convictions. Thirty year old prior convictions provide absolutely no probative value.

The government argues that this Court should consider that Mr. Laines was incarcerated for much of the time between the last conviction and the first date of arrest in this case. However, this Court has previously considered that exact argument in *United States v. Forrest Anthony Roberts*, 14-20028-CR-CMA. In *Roberts*, the government sought to introduce a thirteen year old conviction (based on twenty-one year old conduct) as Rule 404(b) evidence. Mr. Roberts filed a Motion to Exclude this evidence, arguing in part that the conviction was too remote. (*Roberts* DE 79). In its Response to the Motion to Exclude, the government argued that while the conviction may be old, Mr. Roberts had not satisfied the judgment (meaning he had not finished serving his period of incarceration) until much closer in time to the instant offense. (*Roberts* DE 95). This Court considered the arguments of the parties

11

and granted Mr. Roberts' Motion to Exclude. Mr. Laines asks that this Court similarly exclude the prior convictions in this case, which are almost two decades older than the convictions in *Roberts*.

## Conclusion

The 404(b) evidence that the government seeks to introduce must be excluded in this case. It would be impossible for any jury to view the prior convictions as anything more than propensity evidence. Even if this Court believes that the 404(b) evidence serves a purpose other than propensity, any probative value is substantially outweighed by the extreme prejudice. The government's case is too strong, the facts of the priors too dissimilar, and temporal remoteness of the convictions too great for the evidence to be probative. For the foregoing reasons, Mr. Laines respectfully moves this Court to exclude the proposed 404(b) evidence.

**Respectfully submitted,**

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:  */s/ Lauren Field Krasnoff*
Assistant Federal Public Defender
Florida Bar No.: 86951
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 533-4255
Fax: (305) 536-4559
E-mail: lauren_krasnoff@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on February 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       */s/ **Lauren Field Krasnoff***